**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**PAMELA D. P.,[1]**

      **Plaintiff,**

                                    **Civil Action 1:22-cv-291**

      **v.**                             **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

      **Defendant.**

**<u>OPINION AND ORDER</u>**

Plaintiff, Pamela D. P., ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB"), Widow's Insurance Benefits ("DWB"), and Supplemental Security Income ("SSI"). This matter is before the Court for consideration of Plaintiff's Statement of Errors (ECF No. 10), the Commissioner's Memorandum in Opposition (ECF No. 11), Plaintiff's Reply (ECF No. 12), and the administrative record (ECF No. 9). For the reasons that follow, the Commissioner's non-disability determination is **REVERSED,** and this matter is **REMANDED** to the Commissioner and the ALJ pursuant to Sentence Four of § 405(g).

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

# I. BACKGROUND

Plaintiff filed her applications in May 2019, alleging that she had been disabled since April 1, 2012 (R. 23, 4307–10, 4311–17), but later amended her alleged onset date to January 3, 2017 (R. 4325). After her applications were denied administratively (R. 4072–79, 4096, 4080–87, 4097, 4088–95, 4098, 4099–4118, 4159, 4119–138, 4160, 4139–57, 4158), a hearing was held on April 28, 2021, before Administrative Law Judge Maria Hodges ("the ALJ") (R. 4053–71), who issued an unfavorable determination on May 18, 2021 (R. 20–42). That unfavorable determination became final when the Appeals Council denied Plaintiff's request for review. (R. 1–9.)

Plaintiff seeks judicial review of that final determination and submits that remand is warranted for several reasons. First, Plaintiff contends that the ALJ erred by failing to incorporate into her residual functional capacity ("RFC")[2] restrictions that adequately accommodated her concentration, persistence, or pace limitations. (Pl.'s Statement of Errors 3–8, ECF No. 10.) Plaintiff next contends that the ALJ failed to adequately articulate how she determined that Plaintiff's impairments did not satisfy the requirements for certain listed impairments. (*Id*. at 9–13.) Plaintiff additionally contends that the ALJ erred by failing to adequately articulate how she found that Plaintiff was capable of performing work that existed in significant numbers given that Plaintiff's RFC fell between two exertional levels. (*Id*. at 13–19.) Plaintiff finally contends that the ALJ and the Appeals Council did not have authority to adjudicate her claims because the Acting Commissioner who affirmed their appointments in 2018 lacked the power to do so. (*Id*. 19–20.)

---

[2] A claimant's RFC is an assessment of "the most [she] can still do despite [hers] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1).

## II.     THE ALJ'S DECISION

The ALJ issued her decision on May 18, 2021, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 20–42.) At step one of the sequential evaluation process,[3] the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 3, 2017, the amended onset date. (R. 26.) At step two, the ALJ found that Plaintiff had the following severe impairments: peripheral neuropathy; chronic pancreatitis; cirrhosis; carpel tunnel syndrome; degenerative disc disease; history of alcohol abuse; anxiety disorder; and depressive disorder. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 27.)

---

[3] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

The ALJ then set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the [ALJ] finds that the [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally push/pull with her legs; frequently climb ramps and stairs; never climb ladders, ropes, and scaffolds; frequently stoop, kneel, crouch, and crawl; should avoid all exposure to the hazards of moving machinery and unprotected heights; can stand/walk 30 minutes at a time, four hours total in an eight hour day; frequently handle and finger; can perform simple routine tasks and instructions defined as no more that three-step instructions and three-step tasks; can have occasional interaction with others; and only occasional changes in the work setting.

(R. 29.)

At step four, the ALJ relied on testimony from a vocational expert ("VE") to determine that Plaintiff could not perform her past relevant work as a disc jockey. (R. 34.) At step five, the ALJ relied again on VE testimony to determine that in light of Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform including the representative occupations of sorter, garment tagger, and garment bagger. (R. 35.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since January 3, 2017. (*Id*.)

## III.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant

4

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV.   ANALYSIS

As set forth above, in her first contention of error, Plaintiff asserts that remand is warranted because the ALJ failed to explain why she did not accommodate Plaintiff's moderate limitation in concentration, persistence, or pace limitations in the RFC. The Court agrees.[4]

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1) (2012). A claimant's RFC assessment must be based on

---

[4] Because the Court finds that remand is required based upon Plaintiff's first contention of error, the Court need not resolve Plaintiff's alternative arguments in support of reversal and remand. Nevertheless, on remand, the ALJ may consider Plaintiff's alternative assignments of error if appropriate.

all the relevant evidence in a his or her case file. *Id*. The governing regulations[5] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)-(5); 416.913(a)(1)–(5). With regard to two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering medical opinions or administrative findings: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5). Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered. §§ 404.1520c(b)(2); 416.920c(b)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id*. If, however, an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

---

[5] Plaintiff's application was filed after March 27, 2017. Therefore, it is governed by revised regulations redefining how evidence is categorized and evaluated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c, 416.913(a), 416.920c (2017).

In addition, when a medical source provides multiple opinions, the ALJ need not articulate how he or she evaluated each medical opinion individually.  §§ 404.1520c(b)(1); 416.920c(b)(1).  Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate."  *Id.*

In this case, state agency psychologist David Dietz, Ph.D. opined that Plaintiff retained the RFC to "learn and perform work that is simple and repetitive in nature in a setting *without demands for fast pace*."  (R. 4114 (emphasis added.)

The ALJ explicitly agreed with Dr. Dietz's findings:

The State Agency consultant [Dr. Dietz] found moderate limitations in this domain [of concentration, persistence, and pace] and the undersigned agrees with this opinion.

        *      *      *

In addition, the findings [of insufficient evidence to make a determination] are not consistent with the opinions of the State Agency consultant, David Dietz, Ph.D. at the reconsideration level of appeal.  Dr. Dietz opined the claimant had moderate impairment to function which is supported by the diagnoses in the record.  In addition [Dr. Deitz's] findings are consistent with the opinion of the consultative examiner.

(R. 28, 34 (internal citations to the record omitted).)

The undersigned agrees with Plaintiff that the ALJ's discussion above is inadequate with regard to why the pace limitation Dr. Dietz opined was omitted from the RFC. Significantly, the ALJ does not explain elsewhere in her decision how the omitted pace limitations lacked consistency or supportability. To be sure, the ALJ was not required to adopt verbatim the reviewers' findings even though she determined that they were consistent with the evidence.  *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency

7

psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."). But where, as is the case here, an ALJ determines that an opinion or finding is consistent with the evidence, the ALJ must incorporate those limitations in that opinion or finding or provide an adequate explanation for declining to do so. *See, e.g.*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16–cv–1082, 2017 WL 6523296, at *9–10 (S.D. Ohio Dec. 21, 2017) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). An ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports the ALJ's decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11–cv–95, 2012 WL 1142480, at *8 (N.D. Ohio Apr. 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the Court was "unable to trace the path of the ALJ's reasoning"); *Commodore v. Astrue*, No. 10–295, 2011 WL 4856162, at *4, 6 (E.D. Ky. Oct. 13, 2011) (remanding action "with instructions to provide a more thorough written analysis," where the ALJ failed to articulate the reasons for his RFC findings such that the Court could not "conduct a meaningful review of whether substantial evidence supports the ALJ's decision"); *Cote v. Colvin*, No. 16–cv–57, 2017 WL 448617, at *7 (W.D. Wisc. Feb. 2, 2017) ("On remand, the ALJ must build a logical bridge between the evidence and any social functioning limitations that he chooses to include in the residual functional capacity assessment."). Such is the case here.

In summary, the ALJ agreed with the findings in Dr. Dietz's opinion regarding Plaintiff's limitations in concentration, persistence, and pace, finding them to be consistent with other record opinions (R. 28, 34), yet she neglected to explain why she omitted the pace limitation Dr. Dietz opined. This lack of an explanation forces the Court to speculate about the ALJ's reasoning. Accordingly, the Court finds that Plaintiff's first contention of error has merit and requires remand.

## V.     DISPOSITION

Based on the foregoing, the Court **REVERSES** the Commissioner's non-disability determination and **REMANDS** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Opinion and Order.


**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE